IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES FRANKLIN PIPES,**

    **Petitioner,**

**v.**                                            **Civil Action No. 2:09cv37**
                                                      **(Judge Maxwell)**

**DAVID BALLARD, Warden,**

    **Respondent.**

### OPINION/REPORT AND RECOMMENDATION

### I.   Federal Habeas Proceedings

On March 26, 2009, the *pro se* petitioner initiated this case by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Dckt. 1) In the petition, the petitioner challenges the legality of his 1995 Morgan County conviction for Sexual Abuse by a Parent, Guardian or Custodian.

Upon an initial review of the petition, the undersigned found that the petition appeared to be untimely. Thus, the Court issued a <u>Hill v. Braxton</u>[1] Notice which advised the petitioner that his case would be recommended for dismissal unless he could show its timeliness or that he is entitled to equitable tolling. (Dckt. 10) On May 1, 2009, the petitioner filed a response to the notice. (Dckt. 12) In his response, the petitioner argues that the one-year time limitation for filing a federal habeas petition should be tolled because:

(1) the sentencing judge informed him that he did not have a right to appeal his sentence; and

(2) the State of West Virginia refused to provide him copies of the documents necessary to

---

[1] 277 F.3d 701 (4th Cir. 2002) (when a *pro se* federal habeas petition is perceived to be untimely, the court must warn the petitioner that his case is subject to dismissal).

support his case.[2]

In addition, the petitioner argues that his petition was timely based on newly discovered evidence. Because the timeliness of the petition was not clear based on the record at that time, the undersigned directed the respondent to file an answer limited to that issue. (Dckt. 13)

On June 8, 2009, the respondent filed an Answer on Limited Issue of Timeliness (dckt. 15) and a Motion to Dismiss Petition as Untimely Filed. (Dckt. 16) In the motion, the respondent asserts that the petitioner's § 2254 petition was filed more than 12 years past the statute of limitations. In addition, the respondent asserts that the petitioner is not entitled to equitable tolling for the reasons asserted and that the evidence he provides is not "newly discovered."

On June 10, 2009, the respondent filed a second motion to dismiss the petition. (Dckt. 20) In that motion, the respondent argues that the petition should be dismissed for lack of subject matter jurisdiction. In support of the motion, the respondent asserts that the petitioner's 1995 Morgan County conviction was discharged on September 14, 2007, and therefore, he is no longer "in custody" for purposes of § 2254. Thus, the respondent requests the dismissal of the petition for lack of subject matter jurisdiction.

On July 24, 2009, the petitioner filed objections to the respondent's motion to dismiss as untimely. (Dckt. 29) On that same day, the petitioner also objected to the respondent's motion to dismiss for lack of subject matter jurisdiction. (Dckt. 30) On August 4, 2009, the respondent filed a reply to the petitioner's objections to his motion to dismiss as untimely. (Dckt. 37)

---

[2] The petitioner's contention that he was badgered and coerced into signing the plea agreement is not a grounds for equitable tolling, but rather, for invalidating his conviction. See dckt. 12 at 3. The same is true for the petitioner's claims that the West Virginia Supreme Court of Appeals should have overturned his conviction, his claims that counsel was ineffective, his claims of prosecutorial misconduct and the sentencing court's lack of jurisdiction to revoke his parole. *Id*. at 4-7, 12-14.

This case is now before the undersigned for a report and recommendation on the respondent's motions to dismiss, the petitioner's objections and the respondent's reply.

## II. State Procedural History

### A. Petitioner's Conviction and Sentence

In the September 1994 term, the Grand Jury of Morgan County, West Virginia, returned a five-count indictment charging the petitioner with one count Sexual Assault in the First Degree, one count Sexual Abuse in the First Degree, two counts Sexual Abuse by a Parent and one count of Incest. (Dckt. 17) at 2. The charges all involved the petitioner's 11 year old stepdaughter. *Id*.

On March 10, 1995, the petitioner entered an Alford plea to Count III of the indictment. *Id*. In exchange, the petitioner received a suspended sentence, probation and dismissal of the other charges. *Id*. On May 2, 1995, the petitioner was sentenced to 5-15 years in the penitentiary, suspended, and he was placed on five years probation. Resp't Ex. 1.

However, while on probation for the Morgan County conviction, the petitioner was indicted in Berkeley County, West Virginia, of Sexual Abuse by a Parent or Guardian.[3] (Dckt. 17) at 2. As a result, his Morgan County probation was revoked and the original sentence reimposed on September 15, 2000. *Id*. The petitioner's reimposed Morgan County conviction was ordered to run concurrent to his Berkeley County conviction. *Id*.

### B. Petitioner's Direct Appeal

The petitioner did not file a direct appeal of his Morgan County Conviction.

### C. Petitioner's State Habeas Proceedings

The petitioner filed a state habeas petition with the Circuit Court of Morgan County on June

---

[3] Thus charges again involved the same stepdaughter.

2, 2006. Resp't Ex. 3. The petition was dismissed on December 19, 2007, on the ground that the petitioner's sentence expired on September 14, 2007. Resp't Ex. 4.

The petitioner filed an appeal of the dismissal of his state habeas petition on February 15, 2008. Resp't Ex. 5. That appeal was refused by the West Virginia Supreme Court of Appeals on June 17, 2008. *Id*.

On May 2, 2008, the petitioner filed a second appeal of the dismissal of his state habeas petition. Resp't Ex. 6. That appeal was refused on December 29, 2008. *Id*.

### III. Analysis

#### A. In Custody Requirement

To be eligible for relief under §2254, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. §2254(a). This "in custody" requirement is jurisdictional and must be met at the time the petition is filed. See Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986); Harris v. Ingram, 683 F.2d 97, 98 (4th Cir. 1982).

The petitioner in this case had discharged his Morgan County sentence at the time this case was filed. Resp't Ex. 11. Thus, he was not "in custody" on that conviction at the time this case was filed and "cannot bring a federal habeas corpus action directed solely at [that] conviction. Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). Indeed, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.*

at 403. The only exception to this rule is if the conviction used as an enhancement was obtained in violation of the petitioner's Sixth Amendment right to counsel. Id. at 404. The petitioner does not allege lack of counsel.

Thus, the petitioner cannot challenge his Morgan County conviction in this proceeding because he was not "in custody" on that conviction at the time this case was filed. Nor can he challenge his Berkeley County conviction in these proceedings by asserting that his current sentence was improperly enhanced by the Morgan County conviction.[4] Consequently, the petitioner is not entitled to § 2254 relief and his petition should be dismissed. See Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (where jurisdiction does not exist, the cause must be dismissed). Even assuming, however, that this Court did have jurisdiction over the claims raised in the petition, the petition is clearly untimely.

**B. Timeliness**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

---

[4] The petitioner has previously challenged his Berkeley County conviction under § 2254 in this Court. See Pipes v. McBride, 2:05cv58. That case was dismissed with prejudice on the merits on March 27, 2009.

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[5] a petitioner who's conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d). The amendment to § 2244 became effective on April 24, 1996. For a prisoner whose conviction and sentence became final prior to the effective date of AEDPA, a one-year grace period extends from the statute's effective date. Brown v. Angelone, 150 F.3d 370, 374-375 (4th Cir. 1998).

It is undisputed that the petitioner was convicted by the Circuit Court of Morgan County, West Virginia, on March 10, 1995. The petitioner was sentenced on May 2, 1995, and he did not file a direct appeal. Thus, the petitioner's conviction and sentence became final prior to the effective date of AEDPA[6] and he had one-year, or until April 23, 1997, to timely file a § 2254 motion. The petitioner did not file his federal habeas petition until March 26, 2009, nearly twelve years after the

---

[5] 28 U.S.C. § 2244(d)(2).

[6] The petitioner's conviction and sentence became final on September 2, 1995, after the time for filing an appeal expired. See W.Va.R.Cr.P. 37(b)(3) (an appeal may be filed within four months of the entry of the order of the circuit court).

statute of limitations had already expired.

Nonetheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d at 327. The record shows that the petitioner filed a state habeas petition on June 1, 2006. However, because his one-year time limitation expired on April 23, 1997, his state habeas petition could not toll the one-year limitations period as there was nothing left to toll at that time. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). Thus, the petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d)(1)(A), unless he can establish his claim of newly discovered evidence or that he is entitled to equitable tolling.

1. Newly Discovered Evidence

In support of his claim that the petition is timely filed, the petitioner first asserts that he did not receive a copy of a psychological evaluation performed on May 11, 1994, until September 19, 2007. (Dckt. 12) at 8. The petitioner asserts that this report should be considered newly discovered because it was purposely withheld from him. *Id*. Moreover, the petitioner asserts that this report supports his claim that he was not competent to enter his plea. *Id*.

However, the record establishes that the defense counsel had knowledge of the contents of the report in question at the time the petitioner entered his plea. (Dckt. 17) at 5-6. In addition, the report does not support the petitioner's claim that he was incompetent to enter a plea at that time. Pet's Ex. D; Resp't Ex. 10 at 16-17. To the contrary, the report showed that the psychological

evaluation of the petitioner indicated that he was quite competent at the time of the criminal event and to stand trial. *Id*.

Next, the petitioner asserts that a letter written by his wife, and notarized on June 1, 1994, supports his claim of newly discovered evidence. (Dckt. 12) at 10-11. In the letter, the petitioner's wife, Terry Pipes, states that she cannot be sure what happened, that she will not testify against her husband, that she believes her daughter was coached by the police and social services in giving answers, that she may have overreacted when the allegations were first made and that she would like to resolve these issues within her family. Pet's Ex. C. However, this letter was written and notarized on June 1, 1994, prior to the petitioner's conviction. *Id*. Moreover, the letter was written by the petitioner's wife, who, from the contents of the letter, presumably supported her husband and wanted to resolve the issue without a trial. Thus, this letter, and the information it contains, would have been available to the petitioner at the time of trial had the petitioner exercised due diligence.

Because the psychologist's report, Mrs. Pipes' letter, nor any of the other grounds raised in the petitioner's pleadings, support his claim of newly discovered evidence, the petition remains untimely under § 2244(d)(1)(A).

2. Equitable Tolling

The Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, a petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2254 petition because of circumstances beyond his control, or external to his own conduct, and that it would be

unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d at 330. To make this showing, a petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

In his objections to the respondent's motion to dismiss as untimely, the petitioner asserts two grounds for equitable tolling:

(1) the sentencing judge informed him that he did not have a right to appeal his sentence; and

(2) the State of West Virginia refused to provide him copies of the documents necessary to support his case.

As to the first ground, it is well established in West Virginia that there generally is no right of appeal from a conviction obtained through a guilty plea. See Syl. Pt. 2, State ex rel. Wright v. Boles, 141 S.E.2d 76 (W.Va. 1965), *overruled on other grounds*, Call v. McKenzie, 220 S.E.2d 556 (W.Va. 1975). Moreover, Rule 11 of the West Virginia Rules of Criminal Procedure requires that a defendant be informed that by pleading guilty he is waiving his right to appeal the conviction for any errors of law. Thus, at his plea hearing, the petitioner was informed by the trial judge that he would be giving up his right, if any, to appeal by pleading guilty. This was a correct statement of the law at that time and required under the rules. Thus, the conduct of the judge was not wrongful and does not support a finding of equitable tolling.

The Court notes that there is an exception to the general rule which allows a direct appeal to be taken from a conviction based on a guilty plea "where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." Syl. Pt. 1, State v. Sims, 248 S.E.2d 834 (W.Va. 1978). However, it is further noted that the petitioner was never prevented from arguing this

exception on appeal or in a post conviction proceeding. In addition, the fact that the petitioner may not have been aware of this exception is simply not grounds for finding equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law is not grounds for equitable tolling). Equitable tolling is reserved for instances where the results are unconscionable, or show that a gross injustice would occur. Because the petitioner was properly advised of the law, this is simply not one of those situations.

As to the second ground, the petitioner accuses the State of withholding certain transcripts and other records from him. However, the petitioner fails to establish that these records were necessary to filing an appeal or any other post conviction proceeding. In fact, it appears that the petitioner was able to file his state and federal habeas proceedings without these documents. The fact that the petitioner was not successful in those endeavors is inapposite. Thus, the petitioner has failed to establish that the State's withholding of documents, even if true, is sufficient grounds for equitable tolling.

Accordingly, if the Court should determine that Defendant was serving his sentence on the 1995 conviction at the time of the filing of the within petition for relief and therefore jurisdiction was proper, because the petitioner has failed to assert any appropriate ground upon which a finding of equitable tolling could be sustained, the petition is untimely.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss for lack of Jurisdiction (dckt. 20) and/or Motion to Dismiss as Untimely Filed (dckt. 16) be **GRANTED** and that the petitioner's § 2254 petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 26, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE