# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES FRANKLIN PIPES,

    **Petitioner,**

vs.                                              Civil Action No. 2:09 CV 37
                                                                    (Maxwell)

**DAVID BALLARD, Warden,**

    **Respondent.**

## ORDER

It will be remembered that the above-styled civil action was instituted on March 26, 2009, when *pro se* Petitioner James Franklin Pipes filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

It will further be remembered that the above-styled civil action was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation, pursuant to Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

Upon initial review of the Petitioner's § 2254 Petition, Magistrate Judge Kaull found that said Petition appeared to be untimely. Accordingly, on April 16, 2009, Magistrate Judge Kaull issued a Hill v. Braxton Notice warning the Petitioner that his case would be recommended for dismissal unless he could show its timeliness or that he was entitled to equitable tolling. On May 1, 2009, the Petitioner filed his Answer To Hill v. Braxton Notice wherein he argued that the sentencing judge had informed him that he did not have a right to appeal his sentence; that the State of West Virginia had refused to provide him with copies of the documents necessary to support his case; and

that his Petition was timely based on newly discovered evidence.

Finding that the timeliness of the Petition was not clear based on the record at that time, Magistrate Judge Kaull entered an Order on May 7, 2009, directing the Respondent to file an answer with regard to that limited issue. On June 8, 2009, the Respondent filed an Answer On Limited Issue Of Timeliness as well as a Motion To Dismiss Petition As Untimely Filed and a Memorandum Of Law In Support thereof. In its Answer, the Respondent asserts that the Petitioner's § 2254 Petition was filed more than twelve years past the statute of limitations; that the Petitioner is not entitled to equitable tolling for the reasons asserted; and that the evidence the Petitioner had provided is not "newly discovered." On June 9, 2009, Magistrate Judge Kaull issued a Roseboro Notice wherein he provided the Petitioner with thirty days in which to file any opposition to the Respondent's Motion To Dismiss Petition As Untimely Filed and advised the Petitioner that a failure to respond to said Motion might result in the entry of an order of dismissal against him. The Petitioner's Objection To Respondent's Motion To Dismiss Petitioner's § 2254 Petition As Untimely was filed on July 24, 2009. Thereafter, on August 4, 2009, the Respondent filed its Reply to the Petitioner's Objection to their Motion To Dismiss Petition As Untimely.

Thereafter, on June 10, 2009, a Motion To Dismiss Petition For Lack Of Subject Matter Jurisdiction was filed on behalf of the Respondent along with a Memorandum Of Law In Support thereof. In this second Motion To Dismiss, the Respondent asserts that, because the Petitioner's 1995 Morgan County conviction was discharged on September 14, 2007, the Petitioner is not longer "in custody" for purposes of § 2254. A second Roseboro Notice was not issued by the Magistrate Judge in response to the Respondent's second Motion To Dismiss in light of the fact that one had been issued

2

with regard to the Respondent's first Motion To Dismiss a mere one day prior thereto. Nevertheless, in response to a June 15, 2009, letter from the Petitioner advising the Court that he was unsure how to proceed with regard to the Respondent's second Motion To Dismiss in the absence of a specific Roseboro Notice with regard thereto, Magistrate Judge Kaull entered an Order on June 22, 2009, advising the Petitioner that he had thirty days in which to respond to the second Motion To Dismiss and that a failure to so respond might result in the entry of an Order of dismissal against him. The Petitioner's Objection To Respondent's Motion To Dismiss Petition For Lack Of Subject Matter Jurisdiction was filed on July 24, 2009.

On August 26, 2009, Magistrate Judge Kaull filed an Opinion/Report And Recommendation in the above-styled civil action, wherein he recommended that the Respondent's Motion To Dismiss Petition For Lack Of Subject Matter Jurisdiction and/or the Respondent's Motion To Dismiss Petition As Untimely Filed be granted and that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be denied and dismissed with prejudice. Specifically, Magistrate Judge Kaull found that this Court lacks subject matter jurisdiction over the Petitioner's claims in light of the fact that he had already discharged his Morgan County, West Virginia, sentence at the time his § 2254 Petition was filed; that the Petitioner could not challenge his Berkeley County conviction by asserting that the sentence he is currently serving for it was improperly enhanced by the Morgan County conviction in light of the fact that the Morgan County conviction was not obtained in violation of his Sixth Amendment right to counsel; and that, even if this Court had subject matter jurisdiction over the Petitioner's claims, the Petitioner's § 2254 Petition is untimely and the Petitioner has not put forth newly discovered evidence or demonstrated that he is

entitled to equitable tolling of the AEDPA's statute of limitations.

Magistrate Judge Kaull's Opinion/Report And Recommendation expressly advised the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections to said Opinion/Report And Recommendation within ten days after being served with a copy of the same. On September 9, 2009, the Petitioner filed his Objection To Magistrate Court's Opinion/Report And Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of Magistrate Judge Kaull's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of Magistrate Judge Kaull as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1980); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, the Petitioner timely filed his Objection To Magistrate Court's Opinion/Report And Recommendation on September 9, 2009. Accordingly, this Court has conducted a *de novo* review only as to the portions of the Opinion/Report And Recommendation to which the Petitioner objected. The remaining portions of the Opinion/Report And Recommendation to which the Petitioner did not object were reviewed for clear error.

Upon examination of Magistrate Judge Kaull's Opinion/Report And Recommendation, it appears to the Court that the issues raised by the Petitioner in his Objection were thoroughly considered by Magistrate Judge Kaull in his Opinion/Report And Recommendation. Moreover, the Court is of the opinion that Magistrate Judge Kaull's

4

Opinion/Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled civil action. Nothing raised by the Petitioner in his Objection demonstrates how this Court has subject matter jurisdiction over his Petition, or, if the Court did have subject matter jurisdiction, how his Petition was filed within the AEDPA's statute of limitations. Therefore, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge John S. Kaull on August 26, 2009 (Docket No. 42), be, and the same hereby is, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion To Dismiss Petition For Lack Of Subject Matter Jurisdiction (Docket No. 20) and/or the Respondent's Motion To Dismiss Petition As Untimely Filed (Docket No. 16) be, and the same are hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1), be, and the same is hereby, **DENIED** and **DISMISSED with prejudice**.

It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate

Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the Petitioner and to counsel of record.

**ENTER:** December   8  , 2009

                                              **/S/ Robert E. Maxwell**
                                              United States District Judge